[689 NYS2d 216]

In the Matter of FERNE M. STECKLER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 3, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*Ferne M. Steckler,* Atlantic Beach, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained 18

charges of professional misconduct against her. In her answer, the respondent admitted some of the allegations contained in the petition, and denied, or denied knowledge and information sufficient to form a belief as to the truth of, the remaining allegations. In addition, the respondent asserted as an affirmative defense that she suffered from unusual health problems (diabetes and clinical depression) and extremely difficult circumstances over which she had no control. After the hearing, the Special Referee sustained Charges One, Five, Six, Seven, Eight, Nine, Ten, Thirteen, Fourteen, Fifteen, and Sixteen in their entirety. He partially sustained Charges Two, Three, Eleven, and Eighteen, and he failed to sustain Charges Four, Twelve, and Seventeen. Moreover, he found that the respondent failed to prove her affirmative defense. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) moves, and the respondent cross-moves, to confirm in part and disaffirm in part the Special Referee's report. In addition, the respondent cross-moves to remit the matter for a new hearing before a different Special Referee, or before the same Special Referee with instructions to allow her to introduce testimony regarding her affirmative defense that was excluded.

Charge One alleged that the respondent failed to respond to the legitimate inquiries of her client, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about May 1994, the respondent was retained by Rhonda Siegel to represent her in a matrimonial matter. Ms. Siegel paid the respondent a $5,000 retainer. She terminated the respondent's services by letter dated November 4, 1994, in which she requested a full refund of her retainer. The respondent refused to refund the retainer, claiming to have performed 20 hours of work on the matter at an hourly rate of $250. By letter dated November 12, 1994, Ms. Siegel again requested a refund of her retainer, claiming that the respondent did not perform the services for which she was retained. By letter dated November 19, 1994, Ms. Siegel requested that the respondent send her an itemized bill for services rendered. The respondent failed to reply. By letter dated November 28, 1994, Ms. Siegel requested a copy of her file. The respondent failed to reply. By letter dated January 6, 1995, Ms. Siegel advised the respondent that she was still waiting for an itemized bill and a copy of her file. The respondent again failed to reply.

Charge Two alleged that the respondent failed to cooperate with investigations into the Siegel matter by the Nassau County Bar Association Committee on Grievances (hereinafter the Bar Association) and the Grievance Committee for the Tenth Judicial District, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated February 6, 1995, the Bar Association advised the respondent that a complaint had been filed by Ms. Siegel and requested a written response within 10 days of her receipt of the letter. On or about March 11, 1995, the respondent sent a letter to Jack Hollenberg of the Bar Association consenting to fee arbitration in the Siegel matter. By letter dated April 12, 1995, the Conciliation Committee of the Bar Association of Nassau County sent the respondent a stipulation to sign to submit the matter to fee arbitration. No response was received. The Bar Association sent a second letter, dated April 19, 1995, to the respondent via certified mail, return receipt requested, requesting a reply in the Siegel matter. The respondent did not reply.

By letter dated July 13, 1995, sent via certified mail, return receipt requested, the Grievance Committee asked the respondent to contact the Committee to arrange a deposition in the Siegel matter. The letter was twice returned by the post office as unclaimed. The respondent was then subpoenaed to appear at the Grievance Committee's offices with her file on September 8, 1995, for a deposition in the Siegel matter. The respondent appeared for the deposition on September 11, 1995, without the Siegel file, and the deposition was adjourned until after the respondent proceeded to fee arbitration.

By letter dated October 30, 1995, the Grievance Committee referred the Siegel matter to the Fee Arbitration Program for Nassau County, pursuant to 22 NYCRR part 136. By letter dated December 1, 1995, sent via certified mail, return receipt requested, the respondent was sent a copy of a request for fee arbitration and a response form to be returned within 20 days. The letter was returned by the post office as unclaimed. A hearing was scheduled for January 18, 1996. The respondent appeared at the hearing, and the arbitrator rendered an award in Ms. Siegel's favor. After the arbitration, the respondent failed to contact the Grievance Committee to continue her deposition.

Charge Three alleged that the respondent failed to pay Ms. Siegel the money that was awarded to her on January 18, 1996, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Five alleged that the respondent failed to provide a written retainer agreement to Ms. Siegel, who retained the respondent to represent her in a domestic relations matter for which a fee was collected, in violation of Code of Professional Responsibility DR 2-106 (C) (2) (b) (22 NYCRR 1200.11 [c] [2] [B]).

Charge Six alleged that the respondent failed to provide Ms. Siegel with a statement of client's rights and responsibilities, in violation of 22 NYCRR 1400.2 and Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Seven alleged that the respondent failed to provide Ms. Siegel with an itemized bill on a regular basis, at least every 60 days, despite repeated requests for one, in violation of 22 NYCRR 1400.2 and Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Eight alleged that the respondent failed to respond to the legitimate inquiries of her client, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

On or about September 14, 1994, the respondent was retained by Donna Colalupo to represent her in a matrimonial matter. Ms. Colalupo paid the respondent a $5,000 retainer. She terminated the respondent's services by letter dated April 1, 1995, in which she requested a refund of the unused retainer. The respondent did not reply. By letter dated May 27, 1995, sent via certified mail, return receipt requested, Ms. Colalupo again requested a refund of the unused retainer. The letter was returned to Ms. Colalupo by the post office as unclaimed.

Charge Nine alleged that the respondent failed to promptly and timely cooperate with an investigation by the Grievance Committee into the Colalupo matter, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated October 10, 1995, sent via certified mail, return receipt requested, the Grievance Committee advised the respondent that a complaint had been filed by Ms. Colalupo and requested a written response within 15 days of her receipt of the letter. The letter was returned by the post office as unclaimed. On or about October 31, 1995, the Grievance Committee sent the respondent another letter via regular mail and certified mail, return receipt requested, advising her that she was obligated to respond to the Colalupo complaint. The re-

spondent did not reply to the letter that was sent via regular mail, and the one that was sent via certified mail was returned as unclaimed.

Charge Ten alleged that the respondent failed to cooperate with the Nassau County Fee Arbitration Program in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

By letter dated October 30, 1995, the Grievance Committee referred the Colalupo matter to the Fee Arbitration Program for Nassau County, pursuant to 22 NYCRR part 136. By letter dated November 9, 1995, the respondent was sent a letter via certified mail, return receipt requested, enclosing a copy of a request for fee arbitration and a response form to be returned within 20 days. The respondent failed to reply. A notice of hearing was sent to the parties, and the hearing was held on February 26, 1996. The respondent did not attend the hearing.

Charge Eleven alleged that the respondent failed to pay the arbitration award in the Colalupo matter, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

The Fee Arbitration Panel found in favor of Ms. Colalupo on February 26, 1996, upon the respondent's default. The respondent failed to pay Ms. Colalupo.

Charge Thirteen alleged that the respondent failed to provide a written retainer agreement to Ms. Colalupo, who retained the respondent to represent her in a domestic relations matter for which a fee was collected, in violation of Code of Professional Responsibility DR 2-106 (C) (2) (b) (22 NYCRR 1200.11 [c] [2] [B]).

Charge Fourteen alleged that the respondent failed to provide Ms. Colalupo with a statement of client's rights and responsibilities, in violation of 22 NYCRR 1400.2 and Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Fifteen alleged that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about May 1996, the respondent was retained by Mr. and Mrs. Alfred Duranti to handle a legal matter involving a minor child. The Durantis paid the respondent a $7,500 retainer. From May 1996 through July 1996, the respondent failed to pursue the matter in a timely and diligent manner

and failed to advise the Durantis of the status of the case despite their repeated inquiries. Due to the respondent's neglect, the Durantis terminated her services by letter dated July 9, 1996, sent via certified mail, return receipt requested. The letter was returned by the post office as unclaimed, requiring the Durantis to hand deliver it to the respondent's home.

Charge Sixteen alleged that the respondent failed to promptly and timely cooperate with an investigation by the Grievance Committee into the Duranti matter, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

On or about August 14, 1996, the Grievance Committee hand delivered a letter to the respondent enclosing a copy of a complaint that had been filed by Mr. Duranti and requesting a written response to the complaint by August 23, 1996. The letter also asked the respondent to telephone the Grievance Committee to arrange a date for her deposition. The respondent requested and received an extension until August 26, 1996, to submit her answer to the Duranti complaint. The respondent did not submit her answer by August 26, 1996.

Charge Eighteen alleged that the respondent failed to pay a default judgment that was rendered in favor of Mr. Duranti and against her in the Supreme Court, Nassau County, for the Durantis' retainer fee, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

In view of the evidence adduced at the hearing and the respondent's admissions, Charges Two, Five, Six, Seven, Nine, Ten, Thirteen, Fourteen, and Sixteen are sustained in their entirety. Charges Four, Twelve, and Seventeen are not sustained. Charges One and Eight are sustained only insofar as they allege violations of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), and Charge Fifteen is sustained only insofar as it alleges violations of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). Finally, Charges Three, Eleven, and Eighteen are sustained only up to $1,660, $3,590, and $5,250, respectively.

In determining the appropriate measure of discipline to impose, the Court has considered the respondent's affirmative defense, the character evidence presented by her, and her expressed remorse. There is no merit to the respondent's claim that a new hearing is required because the Special Referee thwarted her attempts to present testimony regarding her affirmative defense.

The respondent's prior disciplinary history consists of four letters of caution and one letter of admonition.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee are determined as follows: Charges Two, Five, Six, Seven, Nine, Ten, Thirteen, Fourteen, and Sixteen are sustained in their entirety; Charges Four, Twelve, and Seventeen are not sustained; Charges One and Eight are sustained only insofar as they allege violations of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]); Charge Fifteen is sustained only insofar as it alleges violations of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]); and Charges Three, Eleven, and Eighteen are sustained only up to $1,660, $3,590, and $5,250, respectively; and it is further,

Ordered that the branch of the respondent's cross motion which is for a new hearing is denied; and it is further,

Ordered that the respondent, Ferne M. Steckler, is suspended from the practice of law for a period of five years, commencing June 3, 1999, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the period of five years upon furnishing satisfactory proof (a) that during that period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Ferne M. Steckler, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an

opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.